### WAGNER v HUMMEL et

Ohio Appeals, 1st Dist, Butler Co

No 716.   Decided June 12, 1937

Harry S. Wonnell, Hamilton, for appellant.

W. C. Shepherd, Hamilton, and B. F. Harwitz, Middletown, for appellees.

### OPINION

By ROSS, PJ.

Appeal on questions of law and fact from the Court of Common Pleas of Butler County.

The original petition was filed by Joseph Wagner. who died during the course of the ensuing litigation; the action being revived in the name of his administratrix.

The action was filed to recover certain real estate and personal property fraudulently acquired by the defendants from the decedent.

The answer alleged that the property was held by the defendants as compensation for services rendered to decedent.

An examinaion of the evidence submitted shows that the decedent, when about seventy-five years of age, married, that his wife was dissatisfied with the home provided, and lived with him only one day; that the defendants occupied themselves in encouraging and aiding the decedent to regain his freedom from the bonds of matrimony, and were extremely diligent in seeing that no reconciliation was effected.

An agreement with the wife was effected, resulting in the payment of a small sum of money.   The defendants, previous to such settlement, had prevailed upon the decedent to transfer the personal property involved in this litigation to Louise Hummell.

The wife, in order to divest herself of dower in the real estate, joined with the decedent in a deed to Louise Hummell.

The net result of the entire proceeding was that the decedent transferred all his real estate and personal property to the defendant Louise Hummell, and the record is wholly void of proof of any consideration therefor.

The defendant, Louise Hummell, repeatedly stated that she held his property for the benefit of the decedent.   He died in poverty, after being the recipient of the beneficence of other friends.

The record presents conclusive evidence of unfair advantage of persons parading as friends over the credulity of old age.

It is sugggested that the plaintiff, administratrix, should not be permitted to enlist the aid of a court of equity, for the reason that the deceased and the defendants were in a conspiracy to defraud the creditors of the decedent.   We find no credible evidence to support this contention.

Our conclusion is that the prayer of the plaintiff should be granted and a decree may be taken accordingly.

HAMILTON and MATTHEWS, JJ, concur.